a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SAUL ALBERTO CASTANO PALACIOS,
Petitioner

CIVIL DOCKET NO. 1:26-CV-02310
SEC P

VERSUS

JUDGE JAMES D. CAIN, JR.

WARDEN CENTRAL LOUISIANA ICE PROCESSING CENTER,
Respondent

MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Saul Alberto Castano Palacios ("Palacios"), an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana.

Because Palacios fails to state a viable claim for relief, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

## I. Background

Palacios is a native and citizen of Venezuela. He alleges that he was a passenger in a vehicle that was stopped and searched by ICE officials on April 30, 2026, resulting in his detention. Palacios contends that he should be released because the stop and search were conducted without a warrant. ECF No. 5 at 6.

## II. Law and Analysis

An immigration detainee may challenge the fact or duration of his custody, or the legal authority under which he is detained. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Although federal courts possess jurisdiction to consider constitutional challenges to immigration detention, habeas relief is limited to determining whether the petitioner's present custody violates the Constitution or laws of the United States.

Palacios does not meaningfully challenge the statutory authority under which ICE presently detains him. Instead, the Petition asserts that the stop and arrest without a warrant were unlawful, so his resulting detention is unlawful.

Construing the pro se Petition liberally, these allegations fail to state a cognizable basis for habeas relief. The Petition does not allege that ICE lacks statutory authority to detain Palacios under the Immigration and Nationality Act, nor does it identify any defect in the ongoing immigration proceedings or otherwise challenge the legal basis for his present detention. Rather, Palacios's claims are directed exclusively at the circumstances surrounding the initial stop and arrest.

The United States Supreme Court has affirmed that "an illegal arrest has no bearing on a subsequent deportation proceeding" because the "body or identity of [the arrestee] is never itself suppressible as a fruit of an unlawful arrest." *Immigration and Naturalization Service v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984). It logically follows that if an alien is detained pursuant to a deportation proceeding, a habeas petition cannot secure the alien's release from custody by challenging the lawfulness of the underlying arrest. Essentially, "an illegal arrest has no bearing on

the legality of [immigration] detention following that arrest." *See Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026); *Hechavarria-Vasquez v. Tate*, No. 26-CV-1266, 2026 WL 1427003, at *2 (S.D. Tex. May 21, 2026); *Navdeep v. Warden Ero El Paso Camp E. Montana Det. Ctr.*, No. 26-CV-829, 2026 WL 1179624, at *2 (W.D. Tex. Apr. 23, 2026).

## III. Conclusion

Because Palacios fails to state a viable claim for relief, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE, subject to refiling should Palacios's detention become otherwise unlawful.

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, September 25, 2026.



JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE